| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>Address: 1437 Bannock Street<br>Denver, CO. 80202<br>Telephone: (303) 865-8301 | DATE FILED: July 1, 2016 10:50 AM<br>FILING ID: 6180882331621<br>CASE NUMBER: 2016CV32367<br><br>▲COURT USE ONLY▲ |
| **KIMBERLY CORSENTINO,**<br><br>**Plaintiff.**<br>**v.**<br><br>**HUB INTERNATIONAL TEXAS, INC. d/b/a HUB INTERNATIONAL INSURANCE SERVICES, and TRAVELERS INDEMNITY OF CONNECTICUT, d/b/a TRAVELERS COMMERCIAL INSURANCE COMPANY, foreign corporations,**<br><br>**Defendants.** | |
| Attorneys for Kimberley Corsentino:<br><br>Richard M. Kaudy, #12345<br>Cajardo R. Lindsey, #33672<br>THE KAUDY LAW FIRM, LLC<br>333 W. Hampden, Suite 850<br>Englewood, CO 80110<br>Telephone: (303) 623-1885<br>Fax: (303) 623-1825<br>E-mail: rkaudy@kaudylaw.com<br>clindsey@kaudylaw.com | Case No.: 2016 CV<br><br>Ctrm/Div:<br><br>Trial date: |
| **COMPLAINT AND JURY DEMAND** | |

Through counsel, pursuant to C.R.C.P. 8, for a Complaint, Kimberly Corsentino asserts and alleges as follows:

## GENERAL ALLEGATIONS

1. Kimberly Corsentino is a resident of the City and County of Denver, State of Colorado.

2. Defendant Hub International Texas, Inc., d/b/a Hub International Insurance Services, (hereinafter "Hub") operates as an insurance broker and consultant business enterprise, with its regional office located in Downtown Denver at 1225 17th Street, Suite 900, Denver, CO. 80202.

EXHIBIT A

3. In its Denver, office, defendant Hub serves as a producer or broker to provide insurance contracts, insurance products, goods and services on behalf of various insurers, such as defendant Travelers Indemnity of Connecticut d/b/a Travelers Insurance Company.

4. Defendant Travelers Indemnity of Connecticut d/b/a Travelers Insurance Company ("Travelers") contracts with insureds such as Corsentino Dairy Farms, Inc. to provide commercial insurance protection including automobile insurance coverage for vehicles and drivers scheduled on its insurance contracts.

5. Defendant Travelers and defendant Hub are foreign corporations in good standing licensed by the State of Colorado to contract with insureds and promise to provide insurance goods, products and services in accordance with Colorado law.

6. Both defendants maintain business offices and conduct business within the City and County of Denver, State of Colorado, but based on information and belief maintain business headquarters domiciled outside the State of Colorado.

7. Subject matter jurisdiction and venue over the parties are appropriate but the amount in controversy is currently unknown and undetermined. The plaintiff cannot declare that the amount in controversy exceeds or does not exceed $75,000, exclusive of interest and costs.

8. The matter arises from a motor vehicle collision that occurred on July 5, 2013, when Kimberly Corsentino while southbound on Interstate 25 turned her 2008 Grand Cherokee Jeep in front of an oncoming Honda driven by Pastor Jason Brockman, husband of Mendy Brockman.

9. The ensuing crash crippled Mendy Brockman, a fully restrained front seat passenger in the Brockman Honda, rendering the mother of three, a paraplegic.

10. A related civil action has been filed within this judicial district under Case No. 2015 CV 32157 docketed in courtroom 269 before the Hon. Judge Gilman.

11. Kimberly Corsentino has admitted in that civil action that she was negligent for causing that collision in response to requests by Brockman for payment of her liability policy coverage from defendant Travelers.

12. Before that date, Kimberly Corsentino was listed on a policy of insurance issued through producer Hub from Travelers Indemnity of Connecticut, d/b/a Travelers Commercial Insurance Company on which her 2008 Jeep was scheduled as an insured vehicle and Kimberly Corsentino listed as an additional insured driver.

13. Kimberly Corsentino submitted her claim to Travelers for financial protection in light of her negligence that crippled Mendy Brockman in the July 5, 2013, crash.

14. Defendant Travelers denied her claim for benefits in July 2013, renewing its denial in 2016, based on its interpretation of its contract providing that coverage for Kimberly Corsentino applies only if Ms. Corsentino was operating the 2008 Jeep while performing an activity for or on behalf of Corsentino Dairy Farms, Inc., but not if she were driving for personal non-dairy reasons.

15. Defendant Hub denied her request for indemnification in connection with the Brockman claim based on Hub not being the auto insurer.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

16. The plaintiff incorporates all previous allegations.

17. The plaintiff is an intended beneficiary of the Travelers insurance contract issued to Corsentino Dairy Farms, Inc.

18. The terms and conditions of the Travelers insurance contract excluding liability coverage to Kimberly Corsentino violates Colorado public policy as set forth in C.R.S. §§10-4-619 and 10-4-20, the Motor Vehicle Responsibility Act, mandating that all motorists carry at minimum coverage of $25,000 per person, $50,000 per accident whenever they operate a motor vehicle on Colorado roadways.

19. The Travelers insurance contract failed to contain provisions, including a step-down provision, that would provide at least minimum liability coverage limits of $25,000 per person, $50,000 per accident, $15,000 for property damage, in the event the permissive operator of the Grand Cherokee Jeep listed in the Travelers policy was driving that Jeep for non-Corsentino Dairy purposes.

20. The interpretation of the insurance contract by Travelers deviates from Colorado public policy by rendering Kimberly Corsentino an uninsured motorist in violation of Colorado law when she was scheduled as an additional insured driver on the Travelers policy and not classified as an excluded driver.

21. The plaintiff requests that the Court reform the Travelers policy to conform to Colorado public policy and provide her with the liability coverage set forth in the policy declarations page.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

22. The plaintiff incorporates all previous allegations.

23. The plaintiff requested that Travelers fulfill the purposes of her insurance contract of providing financial protection and exposure to personal financial risk of loss.

24. The plaintiff requested that Travelers afford her liability coverage in connection with her negligence in July 2013 that rendered innocent Mendy Brockman a paraplegic.

25. The plaintiff requested that Travelers reconsider its denials of coverage and provide Mrs. Brockman the liability coverage limits purchased in order to soften the financial consequences to Mrs. Brockman of her paraplegia.

26. Mrs. Brockman through her counsel had offered to release Kimberly Corsentino from further liability upon payment of the Travelers coverage limits.

27. Defendant Travelers refuses to provide insurance coverage to Kimberly Corsentino that would protect her from exposure to financial loss as well as providing some financial benefits to the injured Brockman family.

28. Through its conduct, Travelers has breached its insurance contract, placed Kimberly Corsentino at financial risk because she has now been sued by the Brockman family and faces a likely jury verdict well in excess of her liability coverage limit for damages caused by her admitted negligent driving on July 5, 2013.

29. The conduct of Travelers in breaching its insurance contract has and will cause Kimberly Corsentino damages in amounts to be determined once the jury in the related tort case returns a verdict quantifying the losses and harm caused to the Brockmans from the July 5, 2013, collision.

30. Defendant Hub also promised as producer of insurance goods, products and services to provide coverage for Corsentino Dairy Farms, Inc., and Kimberly Corsentino as an intended beneficiary of those promises coverage on her 2008 Jeep that would comply with all Colorado laws, including the Colorado Motor Vehicle Financial Responsibility Act.

31. Defendant Hub as insurance producer was responsible to comply with Colorado law and not produce coverage for its ultimate consumer-client, Corsentino Dairy Farms, Inc., and Kimberly Corsentino as an intended beneficiary that violated Colorado law and rendered Kimberly Corsentino uninsured while driving her 2008 Jeep unless she were in the course and scope of agency and/or employment with Corsentino Dairy Farms, Inc.

32. The breaches of contract by the defendants has caused Kimberly Corsentino injuries and damages in amounts to be determined once the Brockman jury quantifies Brockman damages and losses caused by the July 2013 collision.

## THIRD CLAIM FOR RELIEF
## (Bad Faith)

33. The plaintiff incorporates all previous allegations.

34. Defendant Travelers owes insured Kimberly Corsentino a duty of good faith and fair dealing in all interactions with her as an intended insured and beneficiary under the contract of insurance issued to Corsentino Dairy Farms, Inc.

35. Defendant Travelers breached this duty of care owed to insured Kimberly Corsentino by interpreting its contract to deny all coverage to her arising from the July 2013 collision with Jason Brockman, in violation of Colorado law, and causing Kimberly Corsentino economic and non-economic damages in amounts to be determined.

## FOURTH CLAIM FOR RELIEF
**(Civil Conspiracy)**

36. The plaintiff incorporates all previous allegations.

37. The defendants engaged in tortious behavior consisting of a working relationship as producer and insurer, listing Kimberly Corsentino as a listed driver and the Grand Cherokee Jeep owned by Kimberly Corsentino and not Corsentino Dairy as an insured vehicle in the Travelers contract providing liability insurance to permissive Jeep operators only if the Jeep were driven exclusively for Corsentino Dairy purposes.

38. The agreement between the defendants served as joint conduct deviating from Colorado law by producing and selling an insurance policy to Corsentino Dairy that rendered a permissive operator of the Travelers-insured Jeep uninsured in violation of Colorado law if the Jeep were operated for non-Corsentino Dairy purposes, as operated by Kimberly Corsentino on July 5, 2013.

39. The defendants owed a duty to produce and issue insurance policies to comply with, and not violate, Colorado law.

40. The joint conduct of the defendants in producing and issuing a liability insurance policy that provided no liability coverage whatsoever unless the insured motor vehicle were operated only within the course and scope of Corsentino Dairy operations violated Colorado law, even if the vehicle had to be operated for emergency or personal purposes unrelated to the operation of Corsentino Dairy Farm.

41. Under the Travelers interpretation of its contract, even if a permissive operator of the insured Grand Cherokee Jeep listed as an insured motor vehicle on its policy for Corsentino Dairy Farm had to be operated as a substitute ambulance or rescue vehicle to save someone's life and a collision ensued because of Jeep operator negligence, the operator would be deprived of any liability coverage even the minimum amount required by Colorado law.

42. The joint tortious conduct of the defendants in producing and issuing such a policy that violates Colorado law combined to jointly caused Kimberly Corsentino economic and non-economic harm to be determined at trial.

**WHEREFORE,** Kimberly Corsentino prays for judgment on her behalf, that the defendants be found jointly and severally responsible to indemnify her for any economic and non-economic harm and losses she will incur resulting from the July 5, 2013, collision she caused with the Brockman vehicle, that she be indemnified for any jury verdict entered against her arising from the Brockman lawsuit against her, that the Honorable Court also reform her contract with Travelers to afford liability coverage to provide indemnity to the

Brockman family for losses caused by the July 5, 2013, collision on Interstate 25, to declare that the interpretation by Travelers on its policy affording no liability coverage violates Colorado law and the Colorado Motor Vehicle Financial Responsibility Act, that producer Hub violated its contract by producing a commercial insurance contract that deviates from Colorado law and caused Kimberly Corsentino economic losses based on the denial of coverage by Travelers, and that Travelers acted in bad faith by interpreting its contract to deny coverage to Ms. Corsentino, along with interest, costs, fees, non-economic losses and any other relief authorized by Colorado law.

Respectfully submitted this 1st day of July 2016.

**JURY TRIAL DEMANDED**

*The Kaudy Law Firm, L.L.C.*

*s/Richard M. Kaudy*
Richard M. Kaudy, #12345
333 W. Hampden Avenue, Suite 850
Englewood, Colorado 80110
Tel: 303-623-1885
Fax: 303-623-1825