**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01917-RM-STV

KIMBERLY CORSENTINO,

    Plaintiff,

and

JASON BROCKMAN and
MENDY BROCKMAN,

    Plaintiff-Intervenors,

v.

HUB INTERNATIONAL INSURANCE SERVICES, INC. and
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

    Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Plaintiff Kimberly Corsentino's Motion for Leave to File Out-of-Time Certificate of Review [#174] (the "Motion"). The Motion has been referred to this Court. [#175] This Court has carefully considered the Motion and related briefing, related oral argument held on November 27, 2017 [#167], the entire case file and the applicable case law. For the following reasons, I **GRANT** the Motion.

**I.    BACKGROUND**

    On July 5, 2013, Ms. Corsentino turned her Jeep in front of Jason and Mendy Brockman's Honda causing an accident injuring Ms. Brockman and rendering her a

tetraplegic.[1] [#173 at ¶¶ 8-9] At the time of the accident, Ms. Corsentino was a named driver on an insurance policy (the "Policy") issued by The Travelers Indemnity Company of Connecticut ("Travelers") to Corsentino Dairy Farms, Inc. (the "Farm"), and the Jeep was listed as a scheduled vehicle. [*Id.* at ¶ 10]

The Policy was sold to the Farm by Defendant Hub International Insurance Services, Inc. ("Hub"), an insurance producer and agent of Travelers. [*Id.* at ¶ 17] Ms. Corsentino alleges that Hub "knew or should have known [at the time it placed the Policy] that many of the insured Corsentino family members, including Ms. Corsentino, were not employees of the Farm and that their vehicles were not owned by the Farm." [*Id.* at ¶ 19]

Ms. Corsentino alleges that the Policy, which has a bodily injury liability limit of $500,000 per accident, imposed a duty upon Travelers to defend and indemnify her in any action brought by the Brockmans related to the accident. [*Id.* at ¶¶ 12-13] Ms. Corsentino further alleges that Travelers had previously paid liability benefits under the Policy on a claim involving Ms. Corsentino and a different vehicle she owned. [*Id.* at ¶ 22]

Following the accident, on or about July 8, 2013, the Farm and Ms. Corsentino submitted a claim to Travelers under the Policy. [*Id.* at ¶ 29] At that time, Travelers retained a law firm on behalf of the Farm and Ms. Corsentino to begin investigating the accident, and authorized the law firm to retain an accident reconstructionist. [*Id.* at ¶ 30] On July 12, 2013, Travelers informed the law firm that it was denying Ms. Corsentino's claim and instructed the law firm to no longer represent Ms. Corsentino; Travelers did

---

[1] The Court cites to the allegations in the Second Amended Complaint to provide context for the instant Motions.

not communicate to Ms. Corsentino that she was no longer represented. [*Id.* at ¶ 31] Travelers then sent a letter to Ms. Corsentino on July 18, 2013, stating that it was denying her claim, because "the Farm had no insurable interest in the 2008 Jeep Grand Cherokee at the time of the Accident, as the Jeep was not owned by the Farm and was being driven by its owner, Ms. Corsentino." [*Id.* at ¶ 32] Nonetheless, on August 20, 2013, Travelers paid benefits to the Farm for the damage sustained by the Jeep in the accident. [*Id.* at ¶ 34]

On August 8, 2014, the Brockmans told Travelers that they would release all claims against Ms. Corsentino if Travelers paid the bodily injury liability limit on the Policy. [*Id.* at ¶ 33] Travelers responded on September 3, 2014, refusing to pay any liability injury coverage to the Brockmans. [*Id.* at ¶ 35] The Second Amended Complaint then alleges that "[a]s a direct result of Travelers' refusal to pay liability benefits owed to the Brockmans, the Brockmans filed suit [(the "Underlying Action")] against Ms. Corsentino . . . on June 17, 2015." [*Id.* at ¶ 36] After Ms. Corsentino was served with a copy of the complaint in the Underlying Action, she asked Travelers to defend her, and Travelers refused. [*Id.* at ¶¶ 37-38] The Underlying Action concluded with the entry of a $31,761,724.04 judgment against Ms. Corsentino on December 5, 2016. [*Id.* at ¶ 40] On December 28, 2016, Ms. Corsentino asked Travelers to indemnify her from this judgment, and Travelers refused on February 3, 2017. [*Id.* at ¶¶ 41-42]

Ms. Corsentino originally filed this lawsuit against Defendants Hub and Travelers in Denver District Court on July 1, 2016. [#3] The state court complaint alleged four causes of action: (1) declaratory relief, (2) breach of contract, (3) bad faith breach of

3

contract, and (4) civil conspiracy. [*Id.* at 3-5] Of relevance to the instant Motion, only the second and fourth claims were brought against Hub. [*Id.*] On July 27, 2016, Hub (with Travelers' consent) removed the case to this Court, based on diversity of citizenship pursuant to 28 U.S.C. § 1332. [#1 at 1, 4]

On September 6, 2016, Ms. Corsentino filed a certificate of review pursuant to Colorado Revised Statute §13-20-602 (the "Original Certificate of Review"). [#24] In the Original Certificate of Review, Ms. Corsentino certified:

> that counsel has consulted with a professional with expertise in the areas addressed in the Complaint, has reviewed the facts and circumstances as alleged in the plaintiff's Complaint, and that the professional has found the filing of the claims to be justified and not lack substantial justification within the meaning of C.R.S. §13-17-102(4) based on his training, expertise, experience and knowledge concerning insurance industry claim-handling and policy issuance standards and practices for complying with applicable law.

[*Id.*]

Travelers subsequently filed a Motion to Compel Joinder of Additional Parties, asking the Court for an order compelling the joinder of the Brockmans. [#33] On February 1, 2017, the Court *sua sponte* issued an Order asking the parties to address whether joinder of the Brockmans would destroy the Court's diversity jurisdiction. [#66] In response, Ms. Corsentino and Defendants both asserted that the Court's diversity jurisdiction would not be altered, because the Brockmans could be added as involuntary plaintiffs. [#67, 68] Before the Court resolved Travelers' Motion to Compel Joinder, the Brockmans filed a Motion to Intervene. [#73] The Court granted the Motion to Intervene, and the Brockmans were given leave to intervene. [#75]

On March 15, 2017, Ms. Corsentino filed an Amended Complaint asserting six claims for relief: (1) declaratory judgment; (2) breach of contract; (3) bad faith breach of

4

contract; (4) violation of Colorado Revised Statute § 10-3-1115 (statutory bad faith); (5) negligent procurement; and (6) negligent misrepresentation.[2] [#80 at 12-17] Only the last two claims were brought against Hub. [*Id.*] Despite changing the causes of action against Hub, Ms. Corsentino did not file a new certificate of review.

On September 12, 2017, Hub filed a Motion to Dismiss Plaintiff's First Amended Complaint, arguing that the Court should dismiss the negligence claims against Hub because Ms. Corsentino failed to file a certificate of review with respect to the negligence claims ("Hub's Motion to Dismiss").[3] [#129] In her Response to Hub's Motion to Dismiss, Ms. Corsentino argued that she was not required to file a new certificate of review and that the Original Certificate of Review applied to the claims asserted in the First Amended Complaint. [#134 at 9-13] In the alternative, Ms. Corsentino asked the Court to accept a newly attached certificate of review for filing out of time. [*Id.* at 14-15] On November 27, 2017, this Court heard oral argument on Hub's Motion to Dismiss, as well as several other pending motions. [#167]

On December 5, 2017, this Court granted Ms. Corsentino's Motion to Amend Scheduling Order [#149] and Motion to Amend Complaint to Add Prayer for Exemplary Damages [#148, 151], thereby authorizing Ms. Corsentino to file a Second Amended Complaint adding a claim for exemplary damages. [#172] The Court therefore denied Hub's Motion to Dismiss as moot, with leave to re-file in response to the Second

---

[2] On that same day, the Brockmans filed their Complaint in Intervention and Jury Demand, which "incorporate[d] all paragraphs, allegations and claims" set forth in Ms. Corsentino's Amended Complaint. [#83 at 19]

[3] Travelers had previously filed a Motion to Dismiss Plaintiff's Third, Fourth, Fifth and Sixth Claims for Relief ("Travelers' Motion to Dismiss"). [#93] On August 30, 2017, this Court issued a Recommendation that Travelers' Motion to Dismiss be denied. [#126] On September 22, 2017, United States District Court Judge Raymond P. Moore adopted that Recommendation and denied Travelers' Motion to Dismiss. [#133]

Amended Complaint. [*Id.* at 14] Finally, the Court declined to rule on Ms. Corsentino's request to accept an out-of-time certificate of review, as "the better practice would be for Plaintiff to file a motion to file an out-of-time Certificate of Review." [*Id.* at 14-15 (citing D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."))]

Ms. Corsentino filed the instant Motion on December 8, 2017. [#174] While not conceding that a second certificate of review is required, Ms. Corsentino nonetheless asks the Court to accept a second certificate of review out of time. [*Id.*] Neither the Brockmans nor Travelers opposes the Motion. [*Id.* at 2] On December 29, 2017, Hub filed a Response in Opposition to the Motion [#186], to which Ms. Corsentino replied [#189].

## II.     STANDARD OF REVIEW

Colorado law requires plaintiffs to file a certificate of review in civil actions based upon professional negligence brought against licensed professionals if expert testimony would be necessary to establish a prima facie case. Colo. Rev. Stat. §§ 13-20-601; 13-20-602. The certificate of review shall be filed within sixty days after the service of the complaint, counterclaim, or cross claim, unless the court determines that a longer period is necessary for good cause shown. Colo. Rev. Stat. § 13-20-602(1)(a). In determining whether good cause exists to permit the late filing of a certificate of review, the Court shall consider: (1) whether the neglect causing the late filing was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party. *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo. App.

2006) (citing *Hane v. Tubman*, 899 P.2d 332, 335 (Colo. App. 1995)). "Since the standard for good cause is drawn from the default judgment context, the criteria for finding that good cause exists are to be liberally construed in favor of resolution on the merits." *DeBuhr v. Hern*, No. 15-cv-02613-PAAB-MEH, 2016 WL 9738100, at *2 (D. Colo. Sept. 12, 2016) (citing *Sumler v. Dist. Court, City and Cty. of Denver*, 889 P.2d 50, 56 (Colo. 1995)).

### III. ANALYSIS

Ms. Corsentino contends that the Original Certificate of Review covered the claims asserted in the First Amended Complaint and, as a result, she was not required to file a second certificate of review. [#134 at 9-13; #174 at 11-13] Alternatively, Ms. Corsentino argues that the Court should permit her to file an out-of-time certificate of review. [#134 at 14-15; #174 at 11-15] The question of whether the filing of an amended complaint triggers an obligation to file a second certificate of review and, if so, under what circumstances appears to be a novel one. Neither party directs the Court to any authority addressing these issues. This Court, however, need not resolve this question because, assuming *arguendo* that a second certificate of review is required, the Court finds Plaintiff has shown good cause to file an out-of-time certificate of review.

As outlined earlier, in determining whether good cause exists to permit the late filing of a certificate of review, the Court shall consider: (1) whether the neglect causing the late filing was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party. *RMB Servs.,*

*Inc.* 151 P.3d at 676. Here, each of these factors supports permitting Ms. Corsentino to file an out-of-time certificate of review.

First, the Court concludes that Ms. Corsentino's neglect was excusable. Ms. Corsentino represents that she did not file a second certificate of review because she believed the Original Certificate of Review was sufficient to cover the new claims brought in the First Amended Complaint. [#174 at 11] Ms. Corsentino's belief that she was not required to file a second certificate of review is reasonable and understandable. As noted above, neither party has pointed the Court to any case in which a court addressed whether a second certificate of review was needed after the amendment of a complaint. Moreover, as Ms. Corsentino asserts in her Motion, the factual allegations in the Original and First Amended Complaints are similar. Given the legal uncertainty over whether a second certificate of review was necessary, the Court finds excusable neglect. *See Arvada Dev. Grp., LLP v. All Envtl., Inc.*, No. 07-cv-01107-MSK-KMT, 2008 WL 927651, at *4 (D. Colo. April 3, 2008) (finding good cause existed to file an out-of-time certificate of review where the law was not clear that a certificate of review was necessary).

Second, the Court finds that Ms. Corsentino has alleged a meritorious claim. The Court notes that Hub answered the First Amended Complaint. [#91] Hub's failure to file a motion pursuant to Federal Rule of Procedure 12(b)(6) at least suggests that even Hub believed the First Amended Complaint stated a claim for relief. *See DeBuhr*, 2016 WL 9738100, at * 3 (finding that plaintiff had satisfied the second prong when defendants failed to attack the sufficiency of the allegations or identify any deficiencies in the plaintiffs' complaint). Although Hub, for the first time in its response to this

Motion, argues that Plaintiff's claims against it are barred by the applicable statute of limitations, the Court already rejected similar arguments raised by Travelers in its motion to dismiss.[4] [#126, 133] While the Court makes no determination as to the ultimate merit of Ms. Corsentino's claims, she has sufficiently alleged a meritorious claim to justify the late filing of a certificate of review.

Finally, the Court finds that principles of equity support the out-of-time filing of a certificate of review. As indicated above, Ms. Corsentino has provided a valid justification for the late filing and equity does not support dismissal of a potentially viable claim based upon confusion in an uncertain area of the law. Moreover, the only prejudice asserted by Hub is that it has been forced to defend the instant case. [#142 at 10; #186 at 14] But, Hub would have been forced to defend this case if Ms. Corsentino had timely filed a second certificate of review. Because Hub has failed to allege any prejudice *resulting from the delay* in filing the second certificate of review, the Court finds that Hub would not be prejudiced by the granting of the Motion. *See Carson v. United States*, No. 13-cv-02962-CMA-KLM, 2014 WL 3563021, at *6 (D. Colo. July 18, 2014) (finding that the "prejudice" resulting from having to defend a lawsuit did not justify denying leave to file an out-of-time certificate of review); *Bolsa Res., Inc. v. AGC Res., Inc.*, No. 11-cv-01293-MSK-KMT, 2012 WL 1454023, at *2 (D. Colo. Apr. 25, 2012) (finding lack of any prejudice as a result of late filing despite professional's assertion that the late filing would ensure that the professional would not obtain the benefit intended by the statute). Accordingly, the Court finds that the third factor also supports granting Ms. Corsentino leave to file an out-of-time certificate of review.

---

[4] In addition, this Court previously concluded that Ms. Corsentino has made a prima facie showing of willful and wanton conduct by Hub, though in doing so the Court considered facts outside the pleadings. [#172 at 11-14]

9

Accordingly, because all three factors support allowing Ms. Corsentino to file an out-of-time certificate of review, the Court grants the Motion.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Ms. Corsentino's Motion for Leave to File Out-of-Time Certificate of Review [#174]. Ms. Corsentino shall file the second certificate of review on or before **February 5, 2018**.

DATED: January 29, 2018

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge