**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 16-cv-01917-RM-STV

KIMBERLY CORSENTINO,

    Plaintiff,

v.

HUB INTERNATIONAL INSURANCE SERVICES, INC., and
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

    Defendants,

and

JASON BROCKMAN, and
MENDY BROCKMAN,

    Plaintiff-Intervenors,

---

**ORDER**

---

This matter is before the Court on "Defendant Hub International Insurance Services, Inc.'s Motion for an Order Establishing Facts Presented in Hub's Statement of Undisputed Facts are Undisputed Due to Violation of this Court's March 23, 2018 Order and Practice Standards, Request for Expedited Briefing, and Request to Extend the Deadline to File its Reply in Support of its Motion for Summary Judgment in Light of the Same" (the "Motion") (ECF No. 256) seeking relief against Plaintiff.  The Court has considered the Motion, Plaintiff's Response (ECF No. 261), Defendant Hub's Reply (ECF No. 277), the court record, and the applicable rules and case law.  Upon consideration of these matters, and being otherwise fully advised, for the reasons

stated herein, the Court finds that relief in favor of Defendant Hub is warranted, but not in the form it seeks.

I.      **BACKGROUND**

The parties are well versed in the background which gives rise to this Motion, so it will only be summarily set forth here. The bottom line is this: Plaintiff requested leave to submit 55 factual statements in support of her response to Defendant Hub's Motion for Summary Judgment; having failed to show the relief requested should be granted, the Court denied Plaintiff's request by Order dated March 23, 2018, leaving Plaintiff with the presumptive 40 factual statements allowed under this Court's Civil Practice Standards (along with the ability to present facts in responding to Defendant Hub's 58 factual statements); and Plaintiff responded with 44 1/2 pages of factual statements in her Statement of Additional Facts (the "Statement") (ECF No. 249), labeling them as responses to Defendant Hub's 58 factual statements and 29 factual statements of her own. But, as Defendant Hub argues, Plaintiff has taken liberties with her responses in the Statement, *e.g.*, submitted additional material facts which did not respond to the factual statements Defendant Hub submitted which, effectively, resulted in Plaintiff submitting more than the 40 factual statements allowed. Thus, Defendant Hub's Motion followed.

Defendant Hub argues Plaintiff has included no less than 69 additional facts in the Statement. And, due to such violation of this Court's March 23, 2018 Order and Civil Practice Standards, Defendant Hub contends the following 19 factual statements it submitted should be deemed undisputed for purposes of its Motion for Summary Judgment: 6, 8, 9, 10, 13, 14, 18, 19, 20, 26, 37, 38, 39, 42, 44, 47, 48, 50, and 51. In addition, Defendant Hub asserts Plaintiff's factual statements impermissibly contain legal arguments. In response, Plaintiff raises a number

2

of contentions, mainly: (1) the Court set no limitations on the number of material facts the non-moving party may assert to support a controversy; (2) Defendant Hub incorrectly seeks to limit a non-moving party to 40 factual statements "*in all*"[1]; (3) that her facts and evidence set forth to rebut Hub's factual statements are directly responsive; (4) that she made no legal arguments, but her "averments" in the responses "are straight forward and factually-based"[2]; and (5) assuming Plaintiff violated this Court's Order and/or Civil Practice Standards, Defendant Hub failed to provide any legal support for the sanction requested due to Plaintiff's "unintended procedural violation."  In Reply, Defendant Hub argues, essentially, that Plaintiff understood what the Order said and the Civil Practice Standards required, but ignored them.  The Court agrees that Plaintiff violated the Order and Civil Practice Standards, but the violation is not as egregious as Defendant Hub contends.  Nonetheless, the violations were more than one or two mishaps but were of such quantity that they cannot be ignored, or condoned.

## II.   DISCUSSION

Federal courts have the inherent power to regulate their docket and promote judicial efficiency.  *See, e.g., Dietz v. Bouldin*, 579 U.S. __, ___, 136 S. Ct. 1885, 1891-92, 195 L. Ed. 2d 161 (2016); *Pepe v. Koreny*, 189 F.3d 478 (10th Cir. 1999) (Table Decision) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties)…." (quotation marks and citation omitted)).  The Court's civil practice standards are simply an exercise of such inherent power, intended to benefit the public and the parties by promoting the efficient resolution of the prolific number of motions for summary judgment.  As this Court has previously stated, it "has a limit on factual statements for a reason; it is so parties can present those facts that truly are material." *Zahourek Sys., Inc. v. Balanced*

---

[1] Response, page 5 (emphasis in original).  (ECF No. 261.)
[2] Response, page 11.  (ECF No. 261.)

*Body Univ., LLC*, No. 13-CV-01812-RM-CBS, 2017 WL 1197286, at *1 (D. Colo. Mar. 31, 2017).

In this case, Plaintiff was allowed 40 additional factual statements under the Court's Civil Practice Standards. Plaintiff used 29 of them. Thus, Plaintiff could have included 11 of the nonresponsive factual statements "embedded"[3] in her Statement, of which Defendant Hub complains, as additional facts and been within the limitations allowed by the Court.[4] Regardless, the Court has examined Plaintiff's factual statements challenged by Defendant Hub, given in response to the 19 factual statements at issue, and finds and concludes as follows.

Starting with "limitations," the Court does not read Defendant Hub's request as seeking to limit Plaintiff to a total of 40 factual statements "*in all*," and the Court has set no "limitation" on the number of material facts the non-movant may assert to respond to the movant's factual statement. But, as Plaintiff recognizes, and Defendant Hub argues, such material facts[5] must be *responsive* to the movant's factual statement. The Court's review of Plaintiff's Statement confirms much of what Defendant Hub asserts: that Plaintiff's responses are nonresponsive or go beyond what is responsive. For example, in SOF 26, Plaintiff disputed that "Hub never had any dealings whatsoever with Kimberly Corsentino." Her response in opposition then proffers 22 additional facts, but, except for one,[6] such factual statements did not respond to the fact presented by Defendant Hub which Plaintiff disputed. The nonresponsive factual statements addressed matters such as *Brett Corsentino's* dealings with Defendant Hub or communications

---

[3] Defendant Hub's term.
[4] The Court notes that Plaintiff's response (ECF No. 250) to the Motion for Summary Judgment does not rely on/refer to ten of the SOFs (SOF 30, 31, and 33-40). Three of these SOFs (37-39) contain "factual responses" by Plaintiff which Defendant Hub challenges as additional facts or legal argument.
[5] By the Court's general references in this order to "material facts" or the like, the Court is not finding that any of the facts submitted by either party are material or not material. That question remains for another day.
[6] That one response was that Plaintiff "testified that she had called Hub after Brett [Corsentino] requested that Hub add the Jeep to the Policy for the purpose of relaying the Jeep's VIN."

between Defendant Hub and *the Farm*. Thus, as shown on the attachment highlighted in red,[7] the Court hereby strikes Plaintiff's nonresponsive factual statements.

As for legal arguments, the Court agrees with Defendant Hub that there are a few arguments in the Statement and, as such, they too are stricken.

Finally, as for relief that Defendant Hub requests, Fed. R. Civ. P. 56(c)(1) provides that "[a] party asserting that a fact…is genuinely disputed must support the assertion by:…(A) citing to particular parts of materials in the record, including depositions, documents…or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute…." And, where a party fails to do so, "the court may:…(2) consider the fact undisputed for purposes of the motion;…or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). Thus, there is support for Defendant Hub's request. However, in this instance, the Court finds that deeming all 19 of Defendant Hub's factual statements at issue as undisputed is not the appropriate relief. For example, using SOF 26 once again, the fact that the Court strikes 21 of Plaintiff's responses still leaves her with one response, which the Court will consider in determining the merits of the Motion for Summary Judgment. Thus, as indicated above, and shown on the attached, the Court strikes the nonresponsive factual statements and arguments.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That "Defendant Hub International Insurance Services, Inc.'s Motion for an Order Establishing Facts Presented in Hub's Statement of Undisputed Facts are Undisputed Due to Violation of this Court's March 23, 2018 Order and Practice Standards, Request for Expedited Briefing, and Request to Extend the Deadline to File its Reply

---

[7] The blue highlighted comments were made by Defendant Hub. Unless otherwise noted, the entire factual statement highlighted in red and noted as "stricken" is stricken. Due to limitations in the comment/track changes function in Word, the last line of the factual statement stricken may not be highlighted in red.

5

in Support of its Motion for Summary Judgment in Light of the Same" (ECF No. 256) is **GRANTED** to the extent stated herein;

(2) That the Plaintiff's Response to Hub's Statement Of Undisputed Material Facts and Statement of Additional Material Facts (ECF No. 249) is **STRICKEN** to the extent shown on the attached; and

(3) That Defendant Hub may file any reply in support of its Motion for Summary Judgment within **10 days** of the date of this Order but need not reply to those "factual statements" or arguments in Plaintiff's Statement (ECF No. 249) which the Court strikes by this Order.

DATED this 5th day of July, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge